*361 OPINION of the Court, by
Judge Logan.
— Farrow was the complainant in the court below, and claims under a certificate for pre-emption, which was granted sn the 26th of April, 1780, containing the following *362 location : u Lying ©ft Bucklick creek, on the head of the south fork of the same, waters of dte south fork of Licking, including the upper improvement on the said south fork of Bucklick creek.’*
To include the upper im-prov ement on the erode, when there were fe-veral improvements and no one had acquir-eü notortecy as the improvement of the pre empfkmer, cannot cure the uncertainty in the call for the head of the creek-
The certificate of a pre - emptioner (for marking & improving) being uncertain as to its locality, fo-ies its dignity as a pre-emption.
Entry i( to adjoin F on the »pper fide, and Jot lode the upper tmprcve-the im pr v ements intended explained by the relative pofitíuns of the improvements and the claim of F.
The furvey to adjoin ‘ , Mid Include an eo- ¿I quantity tí hue. on each fide of a line at v f * angles to Fk Gpper an«i pafting niifi’ 5v Oetween two iir.pto\ea ments, to be eluded, ané as near a fquare as the foikiou of the improve® meats will admit.
*362 On the 1st of April, 1783, he entered his pre-emption with the surveyor, to lie “ on Bucklick creek, oa die head of the south fork thereof, waters of the south fork of Licking creek, including the upper improvements on said south fork of the creek near the centre of a square tract, and joining Thornton Farrow's preemption of 1000 acres, on the upper sided'
The appellant claims in virtue of an entry on a treasury warrant, made on the 15th of May, 1780, and holds the elder patent.
In investigating this cause we shall consider, 1st, whether the claim of the appellee is good as a pre-emption ? 2d, if it be not good as a pre-emption, whether it is valid as a treasury warrant, by virtue of the entry in 1783 Í and. 3d, If it be valid as a treasury warrant, and. not good as a pre-emption, whether the appellant’s entry is also good and superior on account of its priority ?
1st. With respect to William Farrow’s right as a pre-emption. The first call in the location of the preemption, is for “ Bucklick creek.” This call we think is sufficiently supported by the evidence in the cause. And in regard to the south j'ork oí said creek, we are: also of opinion, from the lick situated in the forks of the creek, the paths leading to said lick, the notoriety of the, lick as proven, together with the south fork as represented in the connected plat, that it is likewise a good ⅜ call, But taking these calls as established, and we arel next to inquire for the head of the south fork, as they place where Farrow located his pre-emption, to include! the upper improvement on said fork.
There are several branches exhibited in the plat, that render it very uncertain which of them is the head branch of said fork ; and neither of those branches is proven to have acquired the reputation of the heaij branch, of the south fork. From whence it follows*!: ■ oat unless the call in the certificate for the upper im-ivement renders the location more special and pre--11 e with regard to its locality, it cannot be sustained. But there are several improvements shewn in the causey *363 whicti are nigher the heads of those branches than that claimed by the appellee ; and although it is not clearly proven whether those improvements were made before ihe appellee obtained his certificate, yet there is considerable room to infer from the evidence in the cause that they were previously made,
Entry on the dividing ridg* between Stoner and Hmgfton* beginning at a fyeamoremark* ed £ $, in the head of a branch, near a Clay lick « — thence extending westward to the middle of the ridge, thence fouthward, then eaftward, then northward and westward to the beginning.
The lick be, mg much re for. ted by game, general! v known as a Clay lick, paths leading to if, the ridge narrow,the lick near the top of the ridge Sc no other lick on the ridge de*» ferv'mg the ap- - peilation of a Clay hek, aná - this being at the headoí a branch, and the tree marked E S near it, is a fyf® ficient deferip*. tion of the be* ginning intended*
The furvey directed.
How to fur. vey an calling t entr* i atv join on Ae N, Wtte caJinat joints.
*363 The improvement claimed by the appellee is so far below the heads of those brandies of the south fork, that the call for the*head of said fork was calculated to. mislead, rather than aid in the ascertainment of the said improvement, The improvement appears to be as near the lick at the forks of the creek as it does to the head of some of those branches, if the improvement under these circumstances can be received as the one intended in the certificate, it must be from its general notoriety, and having obtained the name of William Farrow’s ; for the description in the location is deceptive, and would have carried an inquirer to a different place,, some distance therefrom. But there is no evidence in the cause which attaches to this, improvement any circumstances of genera! notoriety, or that it was called and generally known as William Farrow’s improvement.
Wc are therefore of opinion, that the location contain-, ed in the certificate is insufficient.
It then the location in the certificate is not sufficient* ly special and precise to sustain the claim, it follows, if the claim can be maintained at all, it must, be by virtue of the entry with the surveyor. But as the preemption entry, with the surveyor is posterior to the appellant’s entry, if the said pre-emption entry is sper cial and valid as a treasury warrant entry, it will then become necessary to examine the appellant’s claim also.
In addition to the location contained in the certificate, the complainant likewise calls in his entry with the surveyor to adjoin “ Thornton Farrow’s pre-emption on the upper side.”
. Thornton Farrow had previously entered 1000 acres, in virtue of a pre-emption warrant, u on Bucklick creek, waters of Hingston’s fork of Licking creek, to include his improvement and a buffalo lick at the fork of said creek, nearly in the centre of a square tract.”’
From what has already been said in relation to Buck-Jtck creek;, and the lick at its forks, considered with the *364 call for Thornton Farrow’s improvement, which is sa-tishtcturily proven and was well known as his, we arc oi opinion that his pre-emption entry ought to he sus- ; and should he surveyed in a square to the car-‘‘hual points, including the lick and his improvement in the centre.
How to (½. ¡⅛⅛™"*a", bove Survey on the rerun
^ veyadaimadú joining the a. bove on the W,
|t remains to consider, whether William Farrow’s entry with the surveyor, in 1733, is good and valid in law.
In addition to the location in his certificate, he, in his entry with the surveyor, “ calls to include the upper improvements on said south fork of the creek near the centre Qf a square tract, and joining Thornton Farrow’s pre-emption of 10.00 acres on the lower side.” Thornton Farrow’s pre-emption having been specially located, will contribute to the precise position of William Farrow’s ; and the call ⅛ it for the upper improvements may be thereby explained to satisfy the inquiry with regard to the improvements intended.
There are two improvements shown on the creek about a quarter of a mile apart, the lowest oi which is the one claimed by the appellee. Those improvements tan be included in a survey which shall adjoin Thornton Farrow’s pre-emption on the upper side, and lie in regular and good form: whereas an extension of the survey to include the head branches ol the creek and the improvements represented there, would form such a figure as tends strongly to prove that those head branches god improvements were not intended.
We are therefore of opinion that the entry with the surveyor ought to be construed to include tue two lower improvements represented in the platt above Thorn-? ton Farrow’s pre-emption; and that it should Have been surveyed in a square, or as nearly so as the inclusion of the improvements m admit, and to contain an equal quantity of land on each side of a line which shall pass through the centre 1 ■-> vecn the two improvements to the upper line oi 1 -oruton Farrow’s preemption at right angles.
This mode of surveying the appellee’s claim will produce an interference with the appellant’s ; but asthéi appellant’s is superior on'account of its priority, and to-other’s loss of pre-emptive dignity, it becomes necessary 'to examine whether the appellant’s is a vhlttl claim.
*365 He claims in virtue of an entry Which was made on Ac 15 th of May 1780, of 988 acres, “joining the above entry on the west.”
Several entries are necessary to be laid down here, in order to arrive at the certainty of the appellant’s ; the first of which is James Moore’s of 1000 acres, located on the 11th of May 1780, “on the dividing ridge between Stoner’s fork of Licking and Hingston’s fork; beginning at a large sycamore marked E. S. in the head of a branch near a clay lick, then extending westward to the middle of the ridge, then southward, then eastward, then northward and westward to the be? ginning.”
Phis entry on its face might seem too vague to he supported ; but from the weight of evidence in the cause it deserves to be investigated. Kingston's and Stoner’s forks of Licking are proven to have been generally known when this entry was made. The clay lick on the dividing ridge between those streams is also proven to have been generally known by that name. Tais lick was a place much resorted by game, and to which paths led from different directions. It is near the top of the dividing ridge, which at this place is narrow, and at the head of a branch of one of the streams mentioned. This is the only lick shown to satisfy the call in the entry for the dividing ridge ; and several witnesses depose that they were well acquainted on that ridge, and knew oí no other lick on it which could properly be called a clay lick.
At or very near to this lick stood th. stc.imore tree with the letters E ⅛. on n. The lick, he ¡ui ,i ietv, and the paths to it, «úl <-u uptrcJ to en ,bV tni finding of this tree, and the ti _c h,,s <n i,k.* 1 cLu;’, -,h ws that this was the lick c idea > A A- c-ify. wh-are therefore of opinion ::.<it V „ o,ay o . to be sust i.ued ; and that it should . irveve J b. ..mg » line from the said sycamore tree ■ ,st >n 1 >• > i to middle of the ridge as the has- otT.-, q,iant ..uA-Meiwc south for the quantity.
The next is ar t -iiv fr . . t,< r 2U~) acres, “beginningat J'" ,-⅛ M"> - in > n -, > i to extend eastward and no rb-vurd ⅛ • . • y ’ ia should be surveyed in a sqaa , r s’ " u ’-'i >' e s.iid sycamore tree east, nouh, and meaty south to the beginning.
*366 The next Is an entry by Joba Hardy for 293 acre% “joining the above entry on the northward.’’ This, entry should be surveyed in a square, adjoining the whole line of the northern boundary of Thomas’s 295 acres.
The next entry is John Davis’s, of 24S acres, “ joining the above entry on the northeast.” This should be surveyed adjoining Hardy’s on the northeast corner, extending on, his northern and eastern boundaries equal distances, and so far that lines north 45 degrees east from each of those points, and a line of equal lengtl forming the northeastern boundary ol the survey, will include the quantity of 245 acres.
The next entry is William Jenkins’s, of 29.3 acres, “ joining the above on the north,” This should be surveyed to adjoin John Davis’s on the north corner, ex tending on his northwest and northeast boundaries equal, distances, and so far as to give the quantity of 295, acres, by running north therefrom, as directed in lay ing down Davis’s entry.
We come now to the appellant’s entry, which calls to adjoin Jenkins’s on the west. The appellant’s entry should be surveyed as nearly in a square as possible from the centre of Jenkins’s west boundary, so as not to interfere with either of the claims, when, laid down as herein directed.
It is therefore the opinion of the court that Farrow is entitled to recover of Doolin so much of the land in controversy only as will be included within his survey as made when his claim is laid down as herein directed, and which will not be comprehended by Doolin ⅜ patent when his claim is laid down as we have directed.
Wherefore it is ordered and decreed by the court that the decree of the circuit court be reversed and se aside ; that the cause be remanded to said court, wit! directions to enter a decree conformable to the forego jpg opinion.